UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREA WEISS,

    Plaintiff,

v.   Case No. 8:19-cv-1545-CPT

DENIS MCDONOUGH,
Secretary, U.S. Department
of Veterans Affairs,[1]

    Defendant.
_____/

**O R D E R**

Before the Court are the Defendant's *Motion for Summary Judgment* (Doc. 35) and the Plaintiff's response in opposition (Doc. 37). For the reasons set forth below, the Defendant's motion is denied.

I.

Plaintiff Andrea Weiss, a longtime registered nurse at the James A. Haley Veterans Hospital in Tampa, Florida (Hospital), sustained an on-the-job knee injury in 2013. (Doc. 35 at 1). Despite her efforts to continue working, in mid-2017, her physician recommended that she undergo a knee replacement surgery later that

---

[1] Denis McDonough became the Secretary of the United States Department of Veterans Affairs (VA) on February 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Secretary McDonough is automatically substituted for Robert Wilkie as the named Defendant in this action.

summer. *Id.* at 3. Weiss did so and asked the Hospital to provide her with a post-surgery accommodation upon her return to work in the fall. *Id.* Her attempts to obtain an accommodation—as well as the Hospital's actions in response—are the subject of this action, which Weiss initiated in June 2019 pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701–794e (Rehabilitation Act or the Act). (Doc. 1).

In her operative complaint, Weiss asserts a single count under section 504 of the Act, averring that the VA discriminated against her on the basis of her disabilities by failing to afford her a reasonable accommodation. (Doc. 8). For relief, Weiss seeks, *inter alia*, compensatory and punitive damages, as well as attorney's fees. *Id.* In its answer, the VA denies any wrongdoing and asserts several affirmative defenses. (Doc. 21).

Following the close of discovery, the VA filed the instant summary judgment motion, arguing that Weiss cannot establish a *prima facie* case of discrimination under the Act. (Doc. 35). In support of its position, the VA includes with its motion Weiss's complaint and interrogatory responses from the VA's administrative proceeding regarding her allegations of discrimination; Weiss's reasonable accommodation request forms, as well as her physician's letters; emails between Weiss and the VA's human resources specialist; and a "Functional Statement" for the VA's registered nurse position. (Docs. 35-1–35-13).

Weiss counters that the VA's summary judgment motion is infirm because genuine issues of material fact exist as to her reasonable accommodation claim and

2

because the VA's motion does not address a hostile work environment and harassment claim that she maintains is encompassed within her operative complaint. (Doc. 37).

II.

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004)). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id*.

If a moving party makes the requisite showing, the non-movant must then designate specific facts (by her own affidavits, depositions, answers to interrogatories, and/or admissions on file) evidencing that there is a contested question of material fact for trial. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted). To do so, the non-movant must rely on more than conclusory statements and unsupported allegations. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value.") (citations omitted). If a party fails to properly buttress "an assertion of fact or fails to properly address another party's assertion of fact," the court may "grant summary judgment if the motion and supporting materials—including the facts considered

3

undisputed—show that the movant is entitled to" the sought-after relief. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the non-movant. *Welding Servs.*, 509 F.3d at 1356. That is, it must credit the evidence tendered by the non-movant and draw all justifiable inferences in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). In doing so, the court may not "weigh conflicting evidence or make credibility determinations" regarding a party or its presentation of the facts. *Wate v. Kubler*, 839 F.3d 1012, 1018 (11th Cir. 2016) (citations omitted).

### III.

The gist of the VA's argument in support of its summary judgment motion is that Weiss cannot show she could perform the essential functions of her registered nurse position or that she was a "qualified individual"[2] relative to a vacant position at the Hospital. (Doc. 35 at 9–10). Applying the above legal standards, the VA's argument fails.

---

[2] As defined under the Americans with Disabilities Act (ADA) and as construed in Rehabilitation Act cases, a "qualified individual" is one who, with or without reasonable accommodation, "can perform the essential functions of the employment position that such individual holds or desires." *See* 42 U.S.C. § 12111(8) (defining "qualified individual"); *see also Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1314 n.3 (11th Cir. 2019) (noting that discrimination claims under the Rehabilitation Act are governed by the same standards as those used in ADA actions) (citation omitted).

It is well settled that the essential-function inquiry involves a question of fact to be decided on a case-by-case basis. *Snead v. Fla. Agric. & Mech. Univ. Bd. of Trs.*, 724 F. App'x 842, 845 (11th Cir. 2018) (per curiam) (noting that "[w]hether a job function is 'essential' must be evaluated on a case-by-case basis") (citing *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1256 (11th Cir. 2007));[3] *Kendall v. Sec'y, Dep't of Vets. Affs.*, 682 F. App'x 761, 765 (11th Cir. 2017) (per curiam) (recognizing that whether a particular function is essential is a question of fact) (citing *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000)). In general, such a fact-intensive analysis does not readily lend itself to a resolution at the summary judgment stage, where a court is prohibited from weighing the evidence. *See, e.g., Lewis v. City of Union City*, 934 F.3d 1169, 1182–83 (11th Cir. 2019) (reversing a district court's determination that the plaintiff could not perform the essential functions of her position based on the employer's written job description of those functions); *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1229–34 (11th Cir. 2005) (concluding that the district court erred in finding that no genuine issue of material fact existed as to whether a particular function was essential to the plaintiff's job).

In this case, taking the VA's exhibits as uncontested, as they appear to be, the Court finds that there is sufficient evidence to create a genuine dispute regarding, *inter alia*, the nature of the registered nurse position's essential functions, Weiss's ability to

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

perform those functions, the existence of several—albeit, unidentified—vacancies at the Hospital, and, hence, whether the VA discriminated against Weiss by failing to accommodate her disabilities. *See Palmer v. McDonald*, 824 F. App'x 967, 979 (11th Cir. 2020) (per curiam) (setting out the *prima facie* elements of a Rehabilitation Act failure-to-accommodate claim) (citing *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001)). As a result, an award of summary judgment is not appropriate.

While the VA's summary judgment motion fails, so too does Weiss's contention that her operative complaint includes a hostile work environment and harassment claim. "The Eleventh Circuit has made clear that a party generally may not assert new allegations in response to a summary judgment motion." *Wadley Crushed Stone Co., LLC v. Positive Step, Inc.*, ___ F. Supp. 3d ___, 2020 WL 7344593, at *12 (M.D. Ala. Dec. 14, 2020) (citing *Cacciamani v. Target Corp.*, 622 F. App'x 800, 804 (11th Cir. 2015) (per curiam); *Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013)); *see also White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1200 (11th Cir. 2015) (noting that a plaintiff "may not 'raise new claims at the summary judgment stage'") (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314–15 (11th Cir. 2004) (per curiam)); *Flintlock Constr. Servs., LLC v. Well-Come Hldgs., LLC*, 710 F.3d 1221, 1227–28 (11th Cir. 2013) (counseling district courts to limit the parties to the claims and defenses expressly raised in their respective pleadings, not their later summary judgment filings). Rather, the "proper procedure for [a] plaintiff[ ] to assert

6

a new claim is to amend [her] complaint in accordance with" Federal Rule of Civil Procedure 15(a). *Gilmour*, 382 F.3d at 1315.

An inspection of Weiss's operative complaint reveals no hostile work environment or harassment claim. Although she occasionally uses the phrase "hostile work environment" and the term "harassment" in the section of her complaint entitled "Facts Pertinent to Claim," she does not reference either phrase or term in the portion of that pleading describing her reasonable accommodation claim, which is set out in the section labelled "Count I—Rehabilitation Act." (Doc. 8 at 2–8). Accordingly, she cannot raise such a new theory of relief now. *See Palmer v. Albertson's LLC*, 418 F. App'x 885, 889 (11th Cir. 2011) (per curiam) (affirming the district court's decision not to consider the plaintiff's hostile work environment claim first raised in his summary judgment opposition, where the only counts in his complaint were for "Disability Discrimination" and "Retaliation"); *Hargett v. Fla. Atl. Univ. Bd. of Trs.*, 219 F. Supp. 3d 1227, 1247 (S.D. Fla. 2016) (finding no proper hostile work environment claim had been raised where the plaintiff used adjectives such as "'hostile' to characterize actions related to the claims she actually pled" for disability discrimination under the ADA, for sex discrimination under Title VII, and for retaliation under both); *Copeland v. Ga. Dep't of Juv. Just.*, 2013 WL 1296778, at *12–13 (M.D. Ga. Mar. 27, 2013) (dismissing the plaintiff's novel attempt to allege a hostile work environment claim under the ADA at the summary judgment stage, where the

7

only counts raised in her complaint were for "Handicap/Disability Discrimination," "Race Discrimination," and "Retaliation").

IV.

In light of the foregoing, the VA's *Motion for Summary Judgment* (Doc. 35) is denied.

DONE and ORDERED in Tampa, Florida, this 31st day of March 2021.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

8